UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL JOSEPH IZZO, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| | : | |
| SANDY ALEXANDER, INC. | : | COMPLAINT |
| | : | |
| Defendant | : | JURY TRIAL DEMANDED |
| | : | |

## COMPLAINT

The Plaintiff Paul Izzo, by and through his attorney Christopher J. Berlingieri, Esq., alleges as follows:

## JURISDICTION AND VENUE

1.      This action is brought pursuant to and jurisdiction of this Court is founded upon 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2.      This action arises under Age Discrimination in Employment Act of 1967, codified at, 29 U.S.C. § 621 - § 634, et seq., ("ADEA") and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 et seq., ("CFEPA").

3.      Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391 (b) in that Plaintiff's claims arose in this district, the Plaintiff resides in this district, and the Defendant conducts business and sells products and provides services to individuals and businesses in this district.

4.      Supplemental jurisdiction over Plaintiff's state law claims is invoked pursuant to 28 U.S.C. § 1367, as the claims arise out of the same transaction and occurrences as the Plaintiff's federal claims.

5.      Costs, expert witness fees and attorney's fees are sought pursuant to 42 U.S.C. § 1988.

6.      Plaintiff filed a timely claim with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and received a Release of Jurisdiction on September 25, 2017, annexed hereto as **Exhibit A**.

7.      Plaintiff was issued a Notice of Right to Sue right from the Equal Employment Opportunity Commission ("EEOC") on October 13, 2017, annexed hereto as **Exhibit B**.

## THE PARTIES

8.      Paul Joseph Izzo ("Plaintiff"), is a 66 year old male, and is a Citizen of the State of Connecticut who is domiciled in the town of Newtown.

9.      Sandy Alexander Inc., ("SA") is corporation headquartered in the State of New Jersey, in the city of Clifton, that regularly conducts business within the State of Connecticut.

## PRELIMINARY STATEMENT

10.     Plaintiff seeks by this action to recover damages (economic and emotional distress) and other relief as a result of the Defendant's violations of the ADEA, and the Connecticut Fair Employment Practices Act, in addition Plaintiff seeks costs and reasonable attorneys fees.

## BACKGROUND FACTS

11.     Michael Graff ("Graff") is SA's chief executive office or CEO.

12.     Graff is highly involved in the day to day operations of SA.

13.     SA operates a large printing company that employs over 400 employs across the United States, including Citizens the State of Connecticut, working of home offices based at their domicile within the district.

14.     On September 18, 2014, SA provided Plaintiff with an Offer letter outlining the terms and conditions of his offer of employment for the position for a "Sales and Marketing Executive."

15.     Graff sought to hire Plaintiff because of Plaintiff's established printing business clientele and established accounts.

16.     Graff sought to hire Plaintiff and make his accounts customers of SA.

17.     Plaintiff worked as a "Sales and Marketing Executive" commencing on September 24, 2014, for SA based out of his Newtown, Connecticut home office.

18.     SA agreed to compensate Plaintiff with a $55,000.00, bi-weekly "draw" against Plaintiff's future commissions, as is customary in printing sales.

19.     Graff approved eleven accounts that Plaintiff "brought with him" to SA, however shortly after Plaintiff commenced his employment Graff assigned some of these accounts to younger employees in order to deprive Plaintiff commissions.

20.     During the course of his employment Plaintiff made frequent sales presentations at various potential customer locations and also made trips to SA's Clifton, New Jersey, headquarters and SA's New York City office.

21.     Because Plaintiff worked from home in Connecticut and travelled around, he needed a "partner" to help manage the duties at the New Jersey facility.

22.     Therefore Plaintiff and Nicholas Stillo, "Stillo" sought to partner up and agreed to split commissions on their joint accounts as a half as a 50/50 split.

23.     Graff approved and condoned the Plaintiff and Stillo joint account agreement.

24.     Stillo had 0 sales until Plaintiff commenced his employment.

25.     Stillo is approximately 10 years younger than Plaintiff.

26.     Stillo and Plaintiff split the fashion retail store Saks Off Fifth's account.

27.     Saks Off Fifth required all invoices from their vendors to be notarized.

28.     After agreeing to split accounts with Plaintiff, Graff and Stillo conspired to deprive Plaintiff his commissions.

29.     Stillo purposefully hid the Saks Off Fifth invoices from Plaintiff sot that he would not get credited for commissions.

30.     Stillo did not allow Plaintiff to fairly earn his commissions.

31.     Stillo communicated on the split account using his personal cell phone in order to keep information and conversations off the SA server regarding Plaintiff's work and his entitlement to commissions, his disparate treatment, more favorable treatment of younger workers and accounts, among other things.

32.     Graff and Stillo altered and hid invoices from Plaintiff and did not credit sales to his account for commissions.

33.     Graff and Stillo assigned Plaintiff's accounts to younger employees because of Plaintiff's older age.

34.     For example, Graff assigned an established Plaintiff account to Sandy Foster an account sales representative 20 years younger than Plaintiff, in order to deprive him commissions.

35.     Graff praised Plaintiff's work performance as outstanding and even suggested that Plaintiff mentor and assist younger sales representatives such as Kay Vargas and Sandy. Foster on certain accounts.

36.     Graff treated younger employees better by not blocking their ability to earn commissions.

37.     Despite Plaintiff's work on the split accounts with Stillo Graff sought to deprive commissions.

38.     On or about May, 2015, Graff and Stillo actively blocked communications to Plaintiff regarding his accounts.

39.     During Plaintiff's employment on or about June 2015, Graff required all SA sales personnel to use a program to keep track of who's account belonged to who and to keep track of commissions called salesforce.com

40.     After implementing salesforce.com Graff blocked Plaintiff's access to some accounts by reassigning them to younger employees.

41.     On or about August 17, 2015, Plaintiff engaged in protected activity when he complained to SA's human resources ("HR") department regarding his failure to receive commissions based upon his age.

42.     Plaintiff expressed his displeasure to Graff about his inability to earn commissions and that Plaintiff suspected that age may be a motivating factor.

43.     During his August 17, 2015 complaint he explained to HR that his unfair treatment based upon age and how younger employees were treated more favorably and were able to earn commissions because Graff and Stillo were not actively hiding invoices and using other unfair tactics like communicating about business off the company server.

44.     On August 19, 2015, SA's executive vice president and chief financial officer, Tim Fischer terminated Plaintiff's employment via telephone.

45.     During the termination phone call Fischer announced the alleged presence of Graff and SA's HR manager, however throughout the entirety of the call Fischer was the only person speaking on behalf of SA.

46.     Fischer communicated that SA was "eliminating" Plaintiff's position.

47.     Plaintiff's termination was the last part of Graff and Stillo's plan to harm Plaintiff's ability to sell and earn commissions based on his age.

48.     At the time of his termination SA did not credit all invoices to Plaintiff that should have been paid to him under the terms of SA's compensation policy.

## COUNT ONE
## DISCRIMINATION ON THE BASIS OF
## AGE IN VIOLATION OF THE ADEA 29 U.S.C. § 623

49.     Plaintiff hereby incorporates Paragraphs 1-48 as if fully incorporated herein.

50.     Plaintiff is 66 years of age, Plaintiff was born in 1951.

51.     Plaintiff was and is a qualified senior level printing industry sales person.

52.     Defendant subjected Plaintiff to different terms of employment by depriving Plaintiff commissions, re-assigning his accounts to younger employees, actively engaged in a pattern of behavior adverse to Plaintiff's ability to earn commissions against his draw or salary.

53.     The above prescribed discriminatory acts were taken against the Plaintiff due to his age.

54.     Plaintiff was treated in a disparate manner in the terms and conditions of his employment, on the basis of age.

55.     Defendant's conduct is unlawful and in violation of ADEA.

56.     As a result of the Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer damages, including but not limited, to substantial lost wages, fringe benefits, health insurance, retirement and pension benefits, mental and emotional distress and the ability to enjoy life's pleasures.

57.     Plaintiff seeks damages as a result of Defendant's unlawful conduct.

## COUNT TWO
## RETALIATION IN VIOLATION
## OF THE ADEA 29 U.S.C. § 623

58.     Plaintiff hereby incorporates Paragraphs 1-57 as if fully incorporated herein.

59.     On or about August 17, 2015, Plaintiff engaged in protected activity when he complained to Defendant's HR department regarding his failure to receive commissions, his unfair treatment and reassignment of accounts and that he believes age was the motivating factor.

60.     Two days later on August 19, 2015, Defendant terminated Plaintiff's employment.

61.     Defendant terminated Plaintiff's employment because of his complaint.

62.     The adverse employment actions to which Plaintiff was subjected were the direct consequence and in retaliation for Plaintiff's opposition to unlawful race discrimination.

63.     The Defendant's actions violate ADEA.

7

64.     As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages that include, but are not limited to: lost or reduced wages, fringe benefits, health insurance benefits, and pension payments; emotional and psychological distress, stress, anxiety; physical injury; and the loss of the ability to enjoy life's pleasures and activities.

65.     Plaintiff is seeking damages as a result of Defendant's unlawful conduct.

## COUNT THREE
### DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF CONN. GEN. STAT. § 46a60(A)(1)

66.     Plaintiff hereby incorporates Paragraphs 1-65 as if fully incorporated herein.

67.     Plaintiff is 66 years of age, Plaintiff was born in 1951.

68.     Plaintiff was and is a qualified senior level printing industry sales person.

69.     Defendant subjected Plaintiff to different terms of employment by depriving Plaintiff commissions, re-assigning his accounts to younger employees, actively engaged in a pattern of behavior adverse to Plaintiff's ability to earn commissions against his draw or salary.

70.     The above prescribed discriminatory acts were taken against the Plaintiff due to his age.

71.     Plaintiff was treated in a disparate manner in the terms and conditions of his employment, on the basis of age.

72.     Defendant's conduct is unlawful and in violation of CFEPA.

73.     As a result of the Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer damages, including but not limited, to substantial lost wages, fringe

benefits, health insurance, retirement and pension benefits, mental and emotional distress and the ability to enjoy life's pleasures.

74.        Plaintiff seeks damages as a result of Defendant's unlawful conduct.

## COUNT FOUR
## RETALIATION IN VIOLATION
## OF CONN. GEN. STAT. §46a-60(a)(4)

75.        Plaintiff hereby incorporates Paragraphs 1-74 as if fully incorporated herein.

76.        On or about August 17, 2015, Plaintiff engaged in protected activity when he complained to Defendant's HR department regarding his failure to receive commissions, his unfair treatment and reassignment of accounts and that he believes age was the motivating factor.

77.        Two days later on August 19, 2015, Defendant terminated Plaintiff's employment.

78.        Defendant terminated Plaintiff's employment because of his complaint.

79.        The adverse employment actions to which Plaintiff was subjected were the direct consequence and in retaliation for Plaintiff's opposition to unlawful race discrimination.

80.        The Defendant's actions violate CFEPA.

81.        As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages that include, but are not limited to: lost or reduced wages, fringe benefits, health insurance benefits, and pension payments; emotional and psychological distress, stress, anxiety; physical injury; and the loss of the ability to enjoy life's pleasures and activities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a jury trial and judgment against Defendant as follows:

A.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned federal; and state laws;

B.      Awarding Plaintiff compensatory damages;

C.      Awarding Plaintiff punitive damages;

D.      Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

E.      Pre-judgment and post-judgment interest, as provided by law; and

F.      Granting Plaintiff further relief as this Court finds necessary and proper.


Dated: New York, New York
       December 11, 2017


                              Respectfully submitted,



                         By: _____
                              CHRISTOPHER J. BERLINGIERI, ESQ.
                              (ct 30335)
                              BERLINGIERI LAW, PLLC
                              *Attorneys for Plaintiff*
                              244 Fifth Avenue, Suite F276
                              New York, New York 10001
                              Tel.:    (347) 766-5105
                              Fax:    (914) 730-1044
                              Email: cjb@nyctlaw.com

# EXHIBIT A

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Paul Joseph Izzo
**COMPLAINANT**

vs.

CHRO No. 1620222

EEOC No. 16A-2016-00320

Sandy Alexander, Inc.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action must be served on the Commission by email at ROJ@ct.gov or, if you do not have access to email, at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:**   September 25, 2017

Tanya A. Hughes, Executive Director

cc:   Complainant:  Paul Joseph Izzo (Via Email – pauljosephizzo@gmail.com)
      Respondent's Attorney:  Andrew J. Bernstein (Via Email – abernstein@mintz.com)
      Respondent's Attorney:  David M. Katz, Esq. (Via Email – dkatz@mintz.com)

# EXHIBIT B

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Paul Joseph Izzo<br>14 Greenleaf Farms Rd<br>Newtown, CT 06470 | From: Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2016-00320 | Amon L. Kinsey, Jr.,<br>Supervisory Investigator | (617) 565-3189 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other (briefly state)   **Charrging Party is pursuing claims in another forum.**

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
**Feng K. An,**
**Area Office Director**

10 - 13 - 2017
(Date Mailed)

Enclosures(s)

cc:

**SANDY ALEXNADER INC**
**200 Entin Rd**
**Clifton, NJ 07014**